USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
IVAN HERRERA MENDEZ and VALENTIN VIVAR,

                       Plaintiffs,

    -against-

976 MADISON RESTAURANT LLC d/b/a KAPPO MASA, TAKAYAMA MANAGEMENT LLC d/b/a BAR MASA, TAKAYAMA, INC., d/b/a MASA, MASAYOSHI TAKAYAMA, and LAWRENCE GAGOSIAN,

                       Defendants.

------------------------------------------------------------------

976 MADISON RESTAURANT LLC,

         Defendant/Third-Party Plaintiff,

    -against-

VALIANT SOLUTIONS, INC., VALIANT PAYROLL SERVICES, INC., and PAYPRO CORPORATION,

               Third-Party Defendants.
------------------------------------------------------------------ x

20-CV-5273(ALC) (SLC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      Defendant/Third-Party Plaintiff 976 Madison Restaurant LLC ("976 Madison" or "Third-Party Plaintiff") brings this third-party action against Third-Party Defendants Valiant Solutions, Inc. and Valiant Payroll Services, Inc. ("Valiant"), and Paypro Corporation ("Paypro") (collectively, "Third-Party Defendants"). Valiant and Paypro each now move to dismiss the amended third-party complaint, ECF No. 92 ("ATC"), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court GRANTS the motions to dismiss.

1

## BACKGROUND

The following facts are taken from the third-party complaint and presumed true for the purposes of this motion.

Third-Party Plaintiff operates a restaurant called Kappo Masa. ATC ¶ 19. Plaintiffs are former employees of Kappo Masa. *Id*. ¶¶ 20–21. On July 9, 2020, Plaintiffs commenced this action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs alleged that Defendants failed to properly pay minimum wage and overtime, provide statutory notices required by the NYLL, and provide proper wage statements required by NYLL § 195 (3). *Id*. ¶¶ 4–5; *see generally* ECF No. 92-1. As relevant here, Plaintiffs alleged that "the wage statements they received purportedly did not list the amount of tip credits that were taken against their wages." ATC ¶ 5.

On July 30, 2021, Third-Party Plaintiff filed a third-party complaint against Third-Party Defendants. Third-Party Defendant Paypro is a payroll service provider with which Third-Party Plaintiff contracted between 2014 and 2017. *Id*. ¶¶ 18, 35. Third-Party Defendant Valiant is a payroll service provider with which Third-Party Plaintiff contracted beginning on January 1, 2018. *Id*. ¶¶ 16–17, 72. The Third-Party Defendants filed motions to dismiss on December 21, 2021 and December 22, 2021, in response to which Third-Party Plaintiff filed an amended third-party complaint on January 10, 2022.

The third-party complaint seeks to recover from Third-Party Defendants—whom Third-Party Plaintiff alleges are liable as the preparers of the relevant wage statements—damages Third-Party Plaintiff will incur if Plaintiffs prevail. Specifically, Third-Party Plaintiff brings (1) claims for breach of contract, fraudulent inducement, and negligent misrepresentation against Valiant and

(2) claims for breach of contract, contractual indemnification, and declaratory judgment against Paypro.

## DISCUSSION

Rule 12(b)(6) allows the court to dismiss a claim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims should be dismissed when a plaintiff has not pled enough facts that "plausibly give rise to an entitlement to relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, where a plaintiff alleges facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 557 (2007)).

The Second Circuit has clearly held that "there is no right of contribution or indemnification for employers held liable under the FLSA." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132,144 (2d Cir. 1999). "Subsequent decisions in this circuit have followed *Herman* and extended its reasoning to contractual indemnification claims, as well as indemnification claims for liability under the NYLL." *Garcia v. Cloister Apt Corp.*, No. 16-CV-5542, 2018 WL 1353274, at *2 (S.D.N.Y. Mar. 15, 2018) (collecting cases). Third-Party Plaintiff argues that because it seeks

3

damages for improper wage statements, not unpaid wages, its claims differ from those at issue in the FLSA/NYLL indemnification cases. The Court declines to find this distinction as warranting departure from the precedent in this Circuit.

The rule against indemnification is necessary because "the [FLSA] statute was designed to regulate the conduct of employers for the benefit of employees," *Herman*, 172 F.3d at 144, and "[a]llowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute," *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001).

In light of this public policy, courts have rejected employers' efforts to circumvent the rule against indemnification by cloaking their suits as breach of contract actions rather than indemnification actions. *See, e.g.*, *Gustafson*, 171 F. Supp. 2d at 328 ("Defendants' attempt to characterize their claim as a request for breach of contract damages rather than an action for indemnification under the FLSA is unpersuasive."); *Robinson v. Great Performances/Artists as Waitresses, Inc.*, 147 N.Y.S.3d 37, 39 (1st Dep't 2021) (holding that "an employer has no right to contractual indemnification from a third party for claims brought pursuant to NYLL 196–d because indemnification under that statute, whether contractual or otherwise, is against public policy"). Courts have used the same reasoning when applying *Herman*'s mandate to the NYLL. *See, e.g.*, *Holt v. Animation Collective, Inc.*, No. 13-CV-2552, 2014 WL 1413548, at *3 (S.D.N.Y. Apr. 10, 2014) (declining to allow indemnification under the NYLL because "employers would have little reason to be concerned over . . . [compliance] . . . knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action").

4

While the Court agrees with Third-Party Plaintiff that the cases mainly involve unpaid wages and not wage statements, Third-Party Plaintiff has not provided any cases where the Court declined to apply *Herman* to claims involving wage notices, nor has it provided any persuasive reasoning why *Herman* should not apply. The one decision that does involve wage notices, *Delphi Healthcare PLLC v. Petrella Phillips LLP*—though in a different procedural posture than here as that decision concerned attorneys' fees—also held that *Herman* applied more broadly; therefore, the request for attorneys' fees was an impermissible request for indemnification for the employers' violations, including their wage notice violations. *See Delphi Healthcare PLLC v. Petrella Phillips LLP*, 72 N.Y.S.3d 269 (4th Dep't 2018). There, the plaintiffs alleged that "they had hired defendants as their accountants, in part to ensure that plaintiffs were in compliance with the overtime compensation and wage notice requirements set forth in the Federal Fair Labor Standards Act (FLSA) and New York Labor Law." *Id*. at 271. After the settlement of a class action lawsuit brought by the plaintiffs' employees and former employees, the plaintiffs sued defendants to recover attorneys' fees incurred in defending and settling the class action. The Fourth Department dismissed the attorneys' fee claim because "seeking attorneys' fees associated with that underlying class action is a request for indemnity" and "[a] party may not avoid this bar on indemnity by seeking indemnification damages through other legal theories." *Id*.

Similarly, the Court here concludes that the Third-Party Complaint should be dismissed. In addition to the contractual indemnification claim against Paypro, the claims for breach of contract, fraudulent inducement, negligent misrepresentation, and declaratory judgment are plainly Third-Party Plaintiff's attempts at "avoid [ing] this bar on indemnity by seeking indemnification damages through other legal theories." Indeed, Third-Party Plaintiff has made clear that this action solely seeks to shift its liability onto Third-Party Defendants. For example, their opposition brief

5

states that "if Kappo Masa is found to be liable for Plaintiffs' claim for alleged violations of NYLL Section 195(3), any damages that Kappo Masa will suffer as a result of such finding were caused by Paypro and Valiant." ECF No. 108 at 3–4.

## CONCLUSION

For the forementioned reasons, the third-party action is DISMISSED. Plaintiffs and Defendants in the underlying wage and hour action shall file a joint status update within fourteen days of this Opinion.

The Clerk of Court is respectfully directed to terminate 976 Madison Restaurant LLC as Third-Party Plaintiff and Valiant Solutions, Inc., Valiant Payroll Services, Inc. and Paypro Corporation as Third-Party Defendants. The Clerk of Court is also respectfully directed to terminate the open motions at ECF Nos. 101 and 104.

**SO ORDERED.**

**Dated: September 30, 2022**
      **New York, New York**

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**